**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **LEONARDO DANIEL IBARRA IBARRA,** | § § § | |
| **Petitioner,** | § § | |
| **v.** | § § | **CAUSE NO. EP-25-CV-737-KC** |
| **PIERRE MILLER, et al.,** | § § § | |
| **Respondents.** | § | |

## <u>ORDER</u>

On this day, the Court considered Leonardo Daniel Ibarra Ibarra's Petition for a Writ of Habeas Corpus, ECF No. 1.  Ibarra is held in immigration detention at the El Paso Camp East Montana Detention Facility in El Paso, Texas.  *Id.* ¶ 1.  He argues that his detention is unlawful and asks the Court to order his release or a bond hearing.  *Id.* ¶¶ 48–54, at 13–14.

Ibarra entered the United States without inspection in 2000 and was taken into immigration custody on September 2, 2025.  *Id.* ¶¶ 41–42.  In its Show Cause Order, ECF No. 3, the Court noted that, "[a]s alleged, [Ibarra's] case appears materially indistinguishable from several others in which this Court has found a procedural due process violation.  *See, e.g.*, *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *1–5 (W.D. Tex. Oct. 21, 2025)."  Show Cause Order 1.  The Court thus asked Respondents to engage with its prior decisions and "explain whether the facts of [Ibarra's] case warrant a different outcome."  *Id.* at 2.

Respondents conceded that this case is "materially similar" to *Martinez* and they filed their response "to preserve [their] arguments for the record."  *See* Resp. 10, ECF No. 4.  Indeed, throughout its many decisions on this topic, the Court has already rejected every legal argument raised in the Response.  *Compare* Resp. 1–10, *with, e.g.*, *Lala Barros v. Noem*, No. 3:25-cv-488-

KC, 2025 WL 3154059, at *1–6 (W.D. Tex. Nov. 10, 2025); *Erazo Rojas v. Noem*, No. 3:25-cv-443-KC, 2025 WL 3038262, at *1–5 (W.D. Tex. Oct. 30, 2025); *Martinez*, 2025 WL 2965859, at *1–5; *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *1–14 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo v. Ripa*, No. 3:25-cv-337-KC, 2025 WL 2691828, at *1–13 (W.D. Tex. Sept. 22, 2025).  It is Respondents' prerogative to preserve these arguments for appeal. Nevertheless, where they acknowledge that this case is materially indistinguishable from the Court's prior decisions, it follows that the same result is warranted here.

Thus, after careful consideration of the entire record,[1] and for reasons explained at length in *Lopez-Arevelo*, *Santiago*, *Martinez*, *Erazo Rojas*, *Lala Barros*, and this Court's many other decisions involving habeas claims brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b), Ibarra's Petition is **GRANTED IN PART** on procedural due process grounds.

The Court **ORDERS** that, **on or before January 13, 2026**, Respondents shall either: (1) provide Ibarra with a bond hearing before an IJ, at which the Government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Ibarra's continued detention; or (2) release Ibarra from custody, under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, **on or before January 13, 2026**, Respondents shall **FILE** notice informing the Court whether Ibarra has been released from custody.  If Ibarra has not been released from custody, Respondents shall inform the Court whether and when a bond hearing was held in accordance with the preceding paragraph.  Respondents shall further inform the Court, in detail, of the reasons for the IJ's decision.

---

[1] The relevant facts are undisputed, *see* Resp. 1–2, and the Court grants relief without a hearing. *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

**There will be no extensions of the January 13, 2026, deadlines.**

**SO ORDERED**.

**SIGNED this 6th day of January, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE